```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------
UNITED STATES OF AMERICA                S1 00 Cr. 628 (JGK)
                                        S1 02 Cr. 1588
    - against -                         (JGK)

ALLEN Z. WOLFSON,                       OPINION AND ORDER

            Defendant.
------------------------------------------------------

**JOHN G. KOELTL, District Judge:**

The defendant moves for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. The defendant argues that the jury instructions were defective and that he was incompetent to stand trial, and that his counsel was incompetent for not objecting to the charge or raising the issue of his incompetency. The defendant's arguments with respect to competency are addressed in a separate Opinion by the Court.

**I.**

The defendant argues that the jury instructions were defective because they allowed the jury to convict based on a theory that the jury could have found a fiduciary relationship between a broker and a customer where none existed as a matter of law.

At the outset, this argument is barred under Rule 33 of the Federal Rules of Criminal Procedure because it was not raised within seven days of the jury verdict. See Fed. R. Cr. P.

33(b)(2). The defendant argues that it is based on "new evidence," and is therefore subject to the three year time limit in Rule 33(b)(1).

Rule 33 states that the court may grant a defendant's motion for a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). Rule 33 "specifically contemplates that such motion may be made based on newly-discovered evidence." United States v. Siddigi, 959 F.2d 1167, 173 (2d Cir. 1992). "Relief is justified under Rule 33 if the defendant makes a showing that the evidence is in fact new', i.e., it could not have been discovered, exercising due diligence, before or during trial, and that the evidence is so material and non-cumulative that its admission 'would probably lead to an acquittal.'" Id. (quoting United States v. Alessi, 638 F.2d 466, 479 (2d Cir. 1980)). Another way to phrase the inquiry is "whether or not there is in reality a 'significant chance' that the disclosure would have induced reasonable doubt in the minds of enough jurors to prevent a conviction." United States v. Rosner, 516 F.2d 269, 273 (2d Cir. 1975).

A district court "has 'broad discretion' to decide Rule 33 motions based upon its evaluation of the proof produced... because, having presided over the trial, it is in a better position to decide what effect the newly discovered materials

might have had on the jury." United States v. Gambino, 59 F.3d 353, 364 (2d Cir. 1995) (citations omitted).  Nevertheless, "a district court must exercise 'great caution' in determining whether to grant a retrial on the ground of newly discovered evidence, and may grant the motion only *in the most extraordinary circumstances*."  United States v. Spencer, 4 F.3d 115, 118 (2d Cir. 1993) (emphasis in original)(internal quotation marks and citation omitted); see also United States v. Brodwin, 292 F. Supp. 2d at 484, 492-93 (S.D.N.Y. 2003).

The argument that a thorough review of the charge by new counsel arises to "new evidence" has no merit.  The charge was before the defendant and his counsel at the time of trial, and any error could have been brought to the Court's attention within seven days of the verdict.

Moreover, the argument has no merit.  The essence of the argument is that there is no fiduciary relation between a broker and a customer unless the broker is handling a discretionary account.  That is simply not true.  The charge in this case was, in all material respects, taken from the charge approved by the Second Circuit Court of Appeals in United States v. Szur, 289 F.3d 200 (2d Cir. 2002), which held that a broker has limited fiduciary duties with respect to the trades executed by the broker, and that fiduciary relationship includes the obligation

to provide accurate, material information about that trade. Material information may well include that the broker is receiving bribes for that transaction.  See Szur, 289 F.3d at 212 ("Thus, even in the absence of any general fiduciary duty resulting from discretionary authority, we hold that JSS was under a duty to disclose these exorbitant commissions because the information would have been relevant to a customer's decision to purchase the stock."); see also United States v. Santoro, 302 F.3d 77, 80 (2d Cir. 2002); Press v. Chem. Inv. Servs. Corp., 166 F.3d 529 536 (2d Cir. 1999).

   The decision by the Court of Appeals in United States v. Skelly, 442 F.3d 94 (2d Cir. 2006), is not to the contrary. While Skelly contains general language about the lack of a general fiduciary duty between a broker and a customer, the Court of Appeals cited Szur for the proposition that "a relationship of trust and confidence does exist between a broker and customer with regard to those matters that have been entrusted to the broker."  Skelly, 442 F.3d at 98 (citing Szur, 289 F.3d at 211). Indeed, the Court of Appeals found that the error (although forfeited) by the court in Skelly was not to explain to the jury what a fiduciary duty is, and specifically to fail to include language about "reliance and de facto control and dominance."  That language, and indeed the definition of

fiduciary duty that was included in Szur, and which was derived from United States v. Chestman, 947 F.2d 551 (2d Cir. 1991), was included in the charge in this case.[1]

**II.**

The defendant also asserts that his counsel was ineffective for not raising the jury charge issue.

To establish a claim of ineffective assistance of counsel, the petitioner must show that: (1) his counsel's performance was deficient in that it was objectively unreasonable under professional standards prevailing at the time, and (2) that his counsel's deficient performance was prejudicial to his case. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Bunkley v. Meachum, 68 F.3d 1518, 1521 (2d Cir. 1995).

There is no basis for a claim of ineffectiveness of counsel based on the jury charge, because, as explained above, it was well within Second Circuit law.

---

[1] There is a footnote in Skelly which is unnecessary to the decision that distinguishes Szur as a case where the conviction was premised on a "deprivation of honest services" theory of wire fraud, under which there is no fiduciary duty requirement. In fact, as the Court of Appeals noted in Szur, there were two other wire fraud theories that were not premised upon an honest services theory, and the jury could not convict the appellants of wire fraud on any of the four theories unless it found that the relationship between the brokers and their customers was such as to give rise to a duty to disclose the commissions they received. Compare Skelly, 442 F.3d at 97 n.1, with Szur, 289 F.3d at 210.

## CONCLUSION

For the reasons explained above, the defendant's motion for a new trial pursuant to Rule 33 with respect to the purported defect in the jury instructions, and for ineffective assistance of counsel is **denied**.

SO ORDERED.
Dated: New York, New York
       May 2, 2008

John G. Koeltl
United States District Judge